## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT E. GOODE, SR.,** | : | **CIVIL NO.  3:16-cv-0183** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **LACKAWANNA COUNTY PRISON,** | : | |
| **DR. ZALOGA,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Robert E. Goode, Sr. ("plaintiff" or "Goode"), at all relevant times, an inmate incarcerated at the Lackawanna County Prison, Scranton, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants the Lackawanna County Prison and Dr. Zaloga.  (Doc. 1).  Goode seeks to proceed *in forma pauperis*.  (Doc. 6).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if it determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. §1915(e)(2)(B)(ii).  For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  However, plaintiff will be afforded the opportunity to amend his complaint.

**I.     Standards of Review**

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  28

U.S.C. §1915(e)(2)(B)(ii).  The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), see also FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II.     Allegations of the Complaint

Goode alleges that while he was housed at the Lackawanna County Prison he was denied his Hepatitis B medication that was prescribed to him by his doctor, Dr. Osorio. (Doc. 1, p. 3). He represents that he wrote grievances and letters and was "never able to resolve this problem." (Id.) He "went the whole time there without any of [his] medication for Hepatitis B." (Id.)

## III.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Goode names the Lackawanna County Prison. However, a county jail is not a proper defendant in a § 1983 action because it is not a person and therefore, not subject to

suit under 42 U.S.C. § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Nesmith v. Beaver County Jail, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D. Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.) The complaint against this defendant is subject to dismissal.

The claim against Dr. Zaloga is also subject to dismissal. Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. The complaint is devoid of any allegations against Dr. Zaloga. In fact, the only place his name appears is in the caption. Because Goode fails to allege that Dr. Zaloga was personally responsible for the alleged denial of his constitutional rights, the complaint against him is subject to dismissal.

**IV.    Leave to Amend**

4

When the complaint fails to present a *prima facie* case of liability, however, courts should generally grant leave to amend before dismissing a complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000).  "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80–81 (3d Cir. 1985); Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir.1 970); I–Keim Smith v. Lt. J. Price, No. 11–1581, 2012 WL 1068159, at *5 (M.D.Pa. Mar. 5, 2012).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  Although the action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), plaintiff will be afforded the opportunity to amend his complaint.

5

## V.       Conclusion

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  However, plaintiff will be afforded the opportunity to amend.

An appropriate order follows.

                                        **BY THE COURT:**

                                        **s/James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

Dated:        February  19, 2016